**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| JUDICIAL WATCH, INC., ) | | |
| 425 Third Street, S.W., Suite 800 ) | | |
| Washington, DC 20024, ) | | |
| ) | | |
| Plaintiff, ) | | Civil Action No. _____ |
| ) | | |
| v. ) | | |
| ) | | |
| U.S. DEPARTMENT OF DEFENSE, ) | | |
| Office of the General Counsel ) | | |
| 1600 Defense Pentagon, Room 3B688 ) | | |
| Washington, DC 20301-1600, ) | | |
| ) | | |
| Defendant. ) | | |
| ) | | |

**COMPLAINT**

Plaintiff Judicial Watch, Inc. brings this action against Defendant U.S. Department of Defense to compel compliance with the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"). As grounds therefor, Plaintiff alleges as follows:

**JURISDICTION AND VENUE**

1. The Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

2. Venue is proper in this district pursuant to 28 U.S.C. § 1391(e).

**PARTIES**

3. Plaintiff is a non-profit, educational foundation organized under the laws of the District of Columbia and having its principal place of business at 425 Third Street, S.W., Suite 800, Washington, DC 20024. Plaintiff seeks to promote integrity, transparency, and accountability in government and fidelity to the rule of law. In furtherance of its public interest

mission, Plaintiff regularly requests access to the public records of federal, state, and local government agencies, entities, and offices, and disseminates its findings to the public.

4. The U.S. Department of Defense is an agency of the United States Government and is headquartered at 1600 Defense Pentagon, Washington, DC 20301-1600. Defendant has possession, custody, and control of records to which Plaintiff seeks access.

## STATEMENT OF FACTS

5. On June 7, 2013, Plaintiff sent a FOIA request to the United States Special Operations Command ("USSOCOM"), a component of Defendant, seeking access to the following:

> All records concerning, regarding, or relating to Admiral McRaven's 2011 directive to purge USSOCOM systems of all records related to the operation leading to the death of Usama bin Laden on or about May 1, 2011.

The time frame of the request was identified as being from May 1, 2011 to September 26, 2011.

6. By letter dated July 1, 2013, the USSOCOM acknowledged receipt of Plaintiff's FOIA request and assigned the request FOIA Control Number 2013-089.

7. Defendant was required to determine whether to comply with Plaintiff's request within 20 days, excepting Saturdays, Sundays, and legal public holidays, pursuant to 5 U.S.C. § 552(a)(6)(A). Pursuant to this same provision, Defendant also was required to notify Plaintiff immediately of the determination, the reasons therefor, and the right to appeal any adverse determination to the head of the agency. Excluding intervening weekends and holidays, Defendant was required to make its determination and provide Plaintiff with the requisite notifications by July 30, 2013, at the latest.

- 3 -

8.  As of the date of this Complaint, Defendant has failed to make a determination about whether it will comply with Plaintiff's request, notify Plaintiff of any determination, or notify Plaintiff of his right to appeal any adverse determination to the head of the agency. Nor has Defendant produced any records responsive to the request, indicated when any responsive records will be produced, or demonstrated that responsive records are exempt from production.

9.  Because Defendant failed to comply with the time limit set forth in 5 U.S.C. § 552(a)(6)(A), Plaintiff is deemed to have exhausted any and all administrative remedies with respect to its June 7, 2013 FOIA request. 5 U.S.C. § 552(a)(6)(C).

**COUNT 1**
**(Violation of FOIA, 5 U.S.C. § 552)**

10.  Plaintiff realleges paragraphs 1 through 9 as if fully stated herein.

11.  Defendant is unlawfully withholding records requested by Plaintiff pursuant to 5 U.S.C. § 552.

12.  Plaintiff is being irreparably harmed by reason of Defendant's unlawful withholding of requested records, and Plaintiff will continue to be irreparably harmed unless Defendant is compelled to conform its conduct to the requirements of the law.

WHEREFORE, Plaintiff respectfully requests that the Court: (1) order Defendant to conduct a search for any and all responsive records to Plaintiff's FOIA request and demonstrate that it employed search methods reasonably likely to lead to the discovery of records responsive to the request; (2) order Defendant to produce, by a date certain, any and all non-exempt records responsive to Plaintiff's FOIA request and a *Vaughn* index of any responsive records withheld under claim of exemption; (3) enjoin Defendant from continuing to withhold any and all non-exempt records responsive to Plaintiff's FOIA request; (4) grant Plaintiff an award of

- 4 -

attorneys' fees and other litigation costs reasonably incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and (5) grant Plaintiff such other relief as the Court deems just and proper.

Dated:   September 5, 2013                    Respectfully submitted,

/s/ Paul J. Orfanedes
Paul J. Orfanedes
D.C. Bar No. 429716
JUDICIAL WATCH, INC.
425 Third Street, S.W., Suite 800
Washington, DC 20024
(202) 646-5172

*Counsel for Plaintiff*